BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC., Plaintiff,

v.

Cornelius SHOWELL, et al., Defendants and Counter–Claimants,

v.

Bible Way Church of our Lord Jesus Christ World Wide, Inc., et al., Counter–Defendants.

Civil Action No. 07–01178 (HHK).

United States District Court, District of Columbia.

Aug. 12, 2009.

Roger A. Colaizzi, Venable, LLP, Washington, DC, for Plaintiff and Counter–Defendants.

David Block Bergman, Jordan Genevieve Esbrook, Catherine Rebekkah Rowland, Joseph M. Meadows, Kwame A. Clement, Arnold & Porter, LLP, Washington, DC, for Defendants and Counter–Claimants.

T. Allen Stringer, East Hartford, CT, pro se.

## MEMORANDUM OPINION AND ORDER

HENRY H. KENNEDY, Jr., District Judge.

Plaintiff Bible Way Church of Our Lord Jesus Christ World Wide, Inc. (the "Rogers Church") brings this action against defendants Cornelius Showell, Lawrence Campbell, and Joseph Showell (collectively, the "Campbell defendants") alleging that these individuals used the Rogers Church's trademarks in violation of the Lanham Act, 15 U.S.C. §§ 1114 & 1125. The Campbell defendants bring counterclaims against the Rogers Church and two of its officers, Huie L. Rogers and T. Allen Stringer, (collectively, the "Rogers defendants") seeking a declaratory judgment that they have not infringed on the Rogers Church's trademark and are themselves the owners of the trademark. Before the Court are two motions. The first is a motion to dismiss the Campbell defendants' counterclaims brought by the Rogers Church [# 20]. The second is a motion to intervene by International Bible Way Church of Jesus Christ, Inc. (the "Campbell Church"), the church in which the Campbell defendants are officers [# 22]. Upon consideration of the motions, the oppositions thereto, and the record of this case, the Court concludes that the motion to dismiss should be denied and the motion to intervene should be granted.

## I. BACKGROUND

Bible Way Church of Our Lord Jesus Christ ("Bible Way Church"), an organization of churches, was founded in 1957 in the District of Columbia by Smallwood Williams. The pleadings suggest that in 1997 the Bible Way Church split after a dispute about who would be the next Presiding Bishop—Rogers or Campbell. Both the Rogers Church and the Campbell Church contend that they are the true successor to the Bible Way Church and the rightful owner of its marks.

According to the Rogers Church, in 1991, after the death of its first Presiding Bishop, the Bible Way Church selected two men to each serve a three-year term as Presiding Bishop, which would be followed by an election. Campbell served the first term and Rogers served the second. During Rogers' term, the Rogers Church asserts that Campbell and several other members violated several of the Bible Way Church's rules and regulations and, as a result, in 1997, the Bible Way Church expelled the Campbell defendants. The Rogers Church also states that in 1997 the General Assembly of the Bible Way Church voted to retain Rogers as Presiding Bishop for an additional year. The Rogers Church contends that after the Campbell defendants were expelled, they formed another religious organization with the same name and mark, and present their recently-formed religious organization as the original Bible Way Church.

According to the Campbell defendants, in 1997 Campbell was properly elected to succeed Rogers as the Presiding Bishop of the Bible Way Church. While Rogers tried to thwart Campbell's election, the Campbell defendants state that he was unsuccessful, and that Rogers and a minority group of members separated. The Campbell defendants contend that the Rogers Church continued to use the name and mark of the Bible Way Church without authorization. According to the Campbell defendants, in its efforts to usurp the marks of the Bible Way Church, the Rogers Church filed trademark applications for virtually identical marks and obtained disputed registration for them.

The Campbell Church was incorporated in April 2008 in Maryland. The Campbell

Church contends that it is the successor in interest to the Bible Way Church and its marks.

## II. ANALYSIS

This case comes before the Court on the motion of the Rogers defendants to dismiss the Campbell defendants' counterclaims and the motion of the Campbell Church to intervene. The Court will address each in turn.

### A. Motion to Dismiss

The Campbell defendants bring four counterclaims against the Rogers defendants: (1) a claim for declaratory judgment that they do not infringe on the disputed trademark, (2) a claim of false designation or origin and unfair competition under the Lanham Act, (3) a claim of unfair competition and trademark infringement under District of Columbia common law, and (4) a claim for cancellation of U.S. Registration No. 2,201,256 under the Lanham Act. The Rogers defendants move to dismiss all of the counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

A court considering a motion to dismiss under Rule 12(b)(6) must assume that all factual allegations in the complaint are true, even if they are doubtful. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged"). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" however, "requires more than labels and conclusions.... Factual allegations must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations omitted).

The Rogers defendants argue that the Campbell defendants cannot state a claim because as individuals they do not contend that they own any rights to the disputed trademark, an essential element in each of their claims. Further, the Rogers defendants assert that the unincorporated association that the Campbell defendants allege does own the disputed trademarks cannot do so in its status as an unincorporated association. The Campbell defendants rejoin that the federal rules permit individuals to counterclaim on behalf of an unincorporated association of which they are members and that unincorporated associations may own the rights to trademarks. The Campbell defendants are correct.

First, although the general rule is that counterclaims must be brought in the capacity in which the defendant was sued, this rule is not without exceptions. *See Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 886 (2d Cir.1981); *Dunham v. Crosby*, 435 F.2d 1177, 1181 (1st Cir.1970). The principal goal of Federal Rule of Civil Procedure 13(b), which governs permissive counterclaims, "is to permit the resolution of all controversies between the parties in a single suit." *Banco Nacional*, 658 F.2d at 885. Therefore, "courts have looked beyond the capacities of the parties in order to determine who were the real parties in interest, and have allowed a counterclaim where closely similar interests were involved." *Id.* at 886 (internal citations omitted). The Court concludes that allowing the Campbell defendants to counterclaim as members of an unincorporated association is consistent with the judicial efficiency that Rule 13(b) strives to promote.

Second, an unincorporated association may own the rights to a trademark. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 817 (9th Cir.1996) (holding that an unincorporated association may enforce trademark rights against a rival corporation); *see also* Fed.R.Civ.P. 17(b)(3) (unincorporated associations may sue and be sued under federal law); *see generally Cmty. for Creative Non–Violence v. Reid*, 846 F.2d 1485 (considering the trademark ownership rights of an unincorporated association). Finally, the Campbell defendants have adequately alleged that the unincorporated association of which they are members is the owner of the disputed trademark. *See Kowal*, 16 F.3d at 1271. Therefore, the Court concludes that

**4**

the Rogers defendants' motion to dismiss must be denied.

## B. Motion to Intervene

The Campbell Church, an organization incorporated in Maryland, has moved to intervene as a party defendant either as a matter of right or permissively under Federal Rule of Civil Procedure 24. The Rogers defendants resist this motion arguing that it is untimely and fails to show that the Campbell Church has a cognizable interest in the case.

Under Rule 24(a) of the Federal Rules of Civil Procedure, a movant, upon a timely motion, shall be permitted to intervene in an action when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a). There are four factors the Court must consider to determine whether a movant may intervene as a matter of right:

> (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties.

Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C.Cir.2003) (internal quotations omitted). Under Rule 24(b) of the Federal Rules of Civil Procedure, a movant, upon a timely motion, shall be allowed to intervene permissively in an action when the party "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). The decision to grant permissive intervention is within the sole discretion of the court, and the key factor the court must consider in exercising discretion is "whether the intervention will unduly delay or prejudice the rights of the original parties." Id. 24(b)(3).

The Campbell Church argues that it should be permitted to intervene as a matter of right because it has filed its motion before discovery, it asserts that it is the owner of the disputed trademarks and therefore has a strong interest in the outcome of the case, the case threatens to impair its property rights, and the Rogers defendants have made an issue of whether its interests are adequately represented by the Campbell defendants. In the alternative, the Campbell Church contends that it should be allowed to intervene permissively. The Rogers defendants rejoin that the motion to intervene is untimely as it was filed fifteen months after the commencement of the litigation, and because an undefined unincorporated association cannot have a cognizable interest in the case nor property rights in the disputed trademarks.

The Court concludes that the Campbell Church's motion to intervene should be granted as a matter of right. The Campbell Church's motion is timely—discovery has not yet begun. See Friends of Animals v. Kempthorne, 452 F.Supp.2d 64, 66–67 (holding motion timely where intervenor filed its motion while the case was still in the pleadings stage). The Campbell Church alleges ownership to the trademark at issue in this case, and so it claims an interest relating to the property which is the subject of this action and disposition of this action may impair its ability to protect that property interest. See Fund for Animals, 322 F.3d at 731. Finally, it is not clear to the Court whether the Campbell Church's interests will be adequately represented by the Campbell defendants. See id.

Even if the Campbell Church could not intervene as a matter of right, the Court would conclude that it could do so permissively. Allowing the Campbell Church to intervene will promote judicial efficiency and consistency in this case. See United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 840 (8th Cir.2009) ("The purpose of intervention is to promote the efficient and orderly use of judicial resources . . . .") (internal quotation omitted). The core issue in dispute in this case is a dispute of property between the Rogers Church and the Campbell Church.

Further, considering the totality of the circumstances, the Campbell Church's motion to intervene will not prejudice the Rogers Church because the Campbell Church's counterclaims are essentially identical to the Campbell defendants' counterclaims. *See Foster v. Gueory,* 655 F.2d 1319, 1324 (D.C.Cir.1981) (finding that intervention causes no prejudice when the motion, even when filed ten months after the complaint, asserts no new causes of action). Accordingly, the motion to intervene is granted.

### III.  CONCLUSION

For the foregoing reasons, it is this 12th day of August 2009, hereby

**ORDERED** that plaintiff's and counter-defendants' motion to dismiss [# 20] is **DE-NIED;** and it is further

**ORDERED** that movant's motion to intervene [# 22] is **GRANTED.**